```
                                    CLERK'S OFFICE U.S. DIST. COURT
                                         AT ROANOKE, VA
                                             FILED
      IN THE UNITED STATES DISTRICT COURT
     FOR THE WESTERN DISTRICT OF VIRGINIA   DEC 0 6 2006
                ROANOKE DIVISION          JOHN F. CORCORAN, CLERK
                                          BY:
                                             DEPUTY CLERK
```

| | | |
|---|---|---|
| MARK ANTHONY TEAL, | ) | Civil Action No. 7:06cv00704 |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM OPINION** |
| v. | ) | |
| | ) | |
| SGT. SKIDMORE, | ) | By:   Samuel G. Wilson |
| Defendants. | ) | United States District Judge |

Plaintiff Mark Anthony Teal, a Virginia inmate proceeding pro se and imprisoned at Red Onion State Prison ("ROSP"), brings this action under 42 U.S.C. §1983, against Sgt. Skidmore alleging that Skidmore and other prison officials retaliated against him and his nephew because Teal filed a civil action in this court in 2004.[1] Teal seeks non-specified "emergency" relief. The court finds that Teal fails to state a claim upon which relief may be granted, and, therefore dismisses his action pursuant to 28 U.S.C. § 1915A(b)(1).

## I.

In support of his claim that prison officials retaliated against him and his nephew, Teal alleges that a few months ago, prison officials "severely" punished his nephew, a fellow inmate, in "retaliation of my civil suit to the point where he had to go to a mental institution." Teal also alleges that they are "[de]liberately trick[ing]" Teal into "moving in [his] cell" in order to "trap him back in segregation" and that this is "all one big retaliation and treatment to keep [him] here at Red Onion State Prison." Teal implies that "top" prison officials, prison guards, inmate informants, and administrative personnel are all working together to retaliate against him for the filing of his previous civil rights action in 2004. Teal claims that his housing in segregation is "like a kidnapping [sic]" and he has now gone on a hunger strike to protest this alleged combined effort against him.

---

[1] Civil Action No. 7:04cv00406.

## II.

To the extent that Teal wishes to bring a claim on behalf of his nephew, it fails because Teal does not have standing. To state a civil rights claim, one must allege that he, himself, sustained deprivation of right, privilege, or immunity secured by the Constitution or federal law. Inmates v. Owens, 561 F.2d 560, 562-63 (4th Cir. 1977). To demonstrate standing, a plaintiff must allege personal injury. Allen v. Wright, 468 U.S. 737, 751 (1984). To the extent that Teal alleges mistreatment and injury to his nephew, the court finds that Teal has no standing to bring such a claim.

## III.

To the extent Teal's claim can be construed as a challenge to his living conditions, it fails. In order to state a claim of constitutional significance regarding prison conditions, a plaintiff must allege, among other things, facts sufficient to show either that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions or that the conditions have created an unreasonable risk of serious damage to his future health. Strickler v. Waters, 989 F.2d 1375, 1380-81 (4th Cir. 1993); Helling v. McKinney, 509 U.S. 25 (1993). Teal has alleged no mental or physical injury whatsoever, rather he only complains of being housed in segregation and at ROSP. These claims, by themselves, do not rise to the level of a constitutional violation. See In re: Long Term Admin. Segregation of Inmates, 174 F.3d 464, 471 (4th Cir. 1999) (holding that long-term segregated confinement alone did not raise an Eighth Amendment claim and that plaintiff must show that segregation deprived the inmate of a basic human need and that he suffered a serious or significant physical or emotional injury as a result). Accordingly, the court finds that Teal's allegations fail to state a claim under the Eighth Amendment.

## IV.

To the extent that Teal's allegations can be construed as claim of retaliation, it also fails. Teal asserts that prison officials are retaliating against him because he filed a civil rights action two years ago. He does not allege any connection between his previous lawsuit and the alleged retaliation, nor does he allege how prison officials are retaliating against him. An inmate must point to specific facts which tend to support his allegation of retaliation. White v. White, 886 F.2d 271 (4th Cir. 1989). Bare assertions of retaliation do not establish a claim of constitutional dimensions. Adams v. Rice, 40 F.2d 72 (4th Cir. 1994) (federal courts should regard inmate claims of retaliation with "skepticism"). The court finds that Teal's conclusory allegations of retaliation, even when viewed in the light most favorable to him, fail to state a claim on which relief may be granted under 42 U.S.C. § 1983.

## V.

To the extent that Teal requests "emergency" relief, the court construes that as a motion for a temporary restraining order and a preliminary injunction, and denies that motion. A district court should issue preliminary injunctive relief sparingly, using the "balance of hardship" test. In applying this test, the court should consider four factors: 1) whether the plaintiff will suffer immediate and irreparable harm if relief is denied; 2) the injury to the defendants if relief is granted; 3) the likelihood that plaintiff will succeed on the merits; and 4) whether it is in the public's interest to grant relief. Wetzel v. Edwards, 635 F.2d 283, 287 (4th Cir. 1980), (citing, Blackwelder Furniture Co. of Statesville, Inc. v. Seilig Manufacturing, Co., 550 F.2d 189, 195 (4th Cir. 1977)). As the court already found that Teal's allegations in this case fail to state a constitutional claim, the court also finds that Teal is not entitled to injunctive relief.

## VI.

For the stated reasons, Teal's complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim and his motion for temporary restraining order and preliminary injunction is denied.

The Clerk of the Court is directed to send a certified copy of this Memorandum Opinion and accompanying Order to plaintiff.

**ENTER:** This 04 day of December, 2006.

United States District Judge